[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The plaintiff, Eleanor Hensley, commenced this action against the defendant, 969 Associates, L.P., to recover damages for personal injuries allegedly sustained as a result of a defect in the defendant's premises. The plaintiff essentially alleges that she slipped and fell on an accumulation of ice while she was on the defendant's premises as a business invitee. The first count sounds in negligence. In the second and third counts, the CT Page 6526 plaintiff seeks damages based on absolute public nuisance and negligent public nuisance, respectively.
On December 30, 1996, the defendant filed a motion to strike (#101) the second and third counts of the plaintiff's complaint. The defendant argues that the plaintiff, as a business invitee to the defendant's private property, has failed to state a claim for public nuisance because the plaintiff's allegations do not establish that she was exercising a public right when she was injured. In accordance with Practice Book § 155, the defendant filed a supporting memorandum of law, and the plaintiff filed a timely opposing memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems.Inc. v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
To support a claim for public nuisance, a plaintiff must establish "that the condition or conduct complained of interfered with a right common to the general public." (Internal quotation marks omitted.) Doe v. Manheimer, 212 Conn. 748, 755 n. 4,563 A.2d 699 (1989). "[N]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." (Internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309,314-15, 505 A.2d 432 (1986). "To be considered public, the nuisance must affect an interest common to the general public, rather than peculiar to one individual, or several." (Internal quotation marks omitted.) Id., 316.
In Webel v. Yale University, 125 Conn. 515, 7 A.2d 215
(1939), the plaintiff was an invitee in a beauty shop. While leaving the rest room, the plaintiff fell because of a seven inch drop in the floor between the ladies' room and the beauty shop. The court held that the only possible liability of the defendant was in negligence and not in private or public nuisance. Id., 535. CT Page 6527
The allegations in the present case are essentially similar to the facts in Webel v. Yale University. The plaintiff claims that she slipped and fell on an accumulation of ice while she was on the defendant's premises as a business invitee. "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Id., 524-25. Although the plaintiff alleges, in conclusory fashion, that "the condition or conduct interfered with a right common to the general public"; Complaint, Second Count, ¶ 14(d); the plaintiff has failed to allege facts sufficient to establish that she was in the exercise of a public right. See Bashura v.Strategy Plus. Inc., Superior Court, judicial district Ansonia/Milford at Milford, Docket No. 050871 (October 17, 1995, Comerford, J.) (allegation that the plaintiff was a "business invitee" was inconsistent with claim that he was exercising a public right). Accordingly, the defendant's motion to strike the second and third counts of the plaintiff's complaint is granted.
KARAZIN, J.